PEOPLE ex rel. BRIGGS v. LYMAN et al.

(Supreme Court, Appellate Division, Second Department.  March 6, 1900.)

1. LIQUOR TAX CERTIFICATE—PAYMENT OF TAX—AMOUNT.
   Relator applied for a liquor tax certificate for premises formerly within an unincorporated village containing more than 1,200 inhabitants, as established by the commissioner of excise, under Laws 1896, c. 112, § 11, subd. 7, as amended by Laws 1897, c. 312. Subsequently, and previous to relator's application for a certificate, the premises were included within the limits of an incorporated village containing less than 1,200 inhabitants. *Held,* that the relator was entitled to a certificate on payment of the liquor tax applicable to villages of less than 1,200 inhabitants.

2. SAME—POPULATION OF VILLAGE.
   Evidence that a village was incorporated in April, 1898, as a village of less than 1,000 inhabitants, and that the certificate of the town clerk fixed the population at 391, is sufficient to justify granting a liquor tax certificate applied for in May, 1899, on payment of the tax required for villages for less than 1,200 inhabitants.

Appeal from Westchester county court.

Certiorari by the people, on the relation of Charles L. Briggs, against Henry H. Lyman, state commissioner of excise, and Francis M. Carpenter, county treasurer of Westchester county.  From an order directing the county treasurer to issue a liquor tax certificate to the relator on payment of $100, defendants appeal.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Walter S. Jenkins, for appellants.

Alfred E. Smith, for respondent.

WILLARD BARTLETT, J.  The question to be determined in this proceeding is whether the relator must pay a liquor tax of $200, or only $100.  The answer to this question depends upon whether, at the time when he applied for the certificate, his hotel or inn was to be deemed situate in the incorporated village of Bronxville, or in the unincorporated village or hamlet of Tuckahoe.  For the purpose of determining the excise tax to be assessed in such a locality, the state commissioner of excise is authorized to "cause to be taken an enumeration of the inhabitants of any hamlet or unincorporated village, after first having established a limit or boundary line around such hamlet or unincorporated village, within which limit or boundary line such enumeration may be taken."  Chapter 112, Laws 1896, § 11, subd. 7, as amended by chapter 312, Laws 1897.  Acting under the power thus conferred upon him, the state commissioner on February 28, 1898, established a limit or boundary line around the unincorporated village of Tuckahoe, in Westchester county, and caused an enumeration of the inhabitants to be taken, which showed the population to be 1,814.  In an unincorporated village thus delimited by the state commissioner, as well as in an incorporated village, the excise tax upon the business of trafficking in liquors to be drunk upon the premises is $200 if the population is less than 5,000, and more than 1,200, but only $100 if

the population is less than 1,200. Chapter 112, Laws 1896, § 11, subds. 1, 7, as amended by chapter 312, Laws 1897. The relator's inn was situated within the limits of the unincorporated village of Tuckahoe, as fixed by the state commissioner of excise. In April, 1898, the territory in which his hotel stood was taken into the newly-incorporated village of Bronxville, which includes about one-third of the territory of the unincorporated village of Tuckahoe, as established by the commissioner. Bronxville was organized under the village law of 1897 as a village of the fourth class; that is, a village containing not more than 1,000 inhabitants. Chapter 414, Laws 1897, § 40. In May, 1899, the relator tendered $100 to the county treasurer of Westchester county, and applied for a liquor tax certificate, which was refused solely on the ground that $200 was the amount properly payable by one who desired to traffic in liquors to be drunk on the premises, in an unincorporated village like Tuckahoe, the population of which was upwards of 1,800.

We think that, when the relator's premises became included in an incorporated village with a population of less than 1,200, he became liable to pay an excise tax of $100 only. The liquor tax law deals with three classes of places: (1) Cities, (2) incorporated villages, and (3) hamlets or unincorporated villages. The population of a city or incorporated village is to be ascertained by the last state census or the last United States census, or, if not thus ascertainable, the state commissioner of excise is directed to cause an enumeration of the inhabitants to be taken. He may do the same thing in the case of a hamlet or unincorporated village to which he has set limits. Chapter 112, Laws 1896, § 11, subd. 7, as amended by chapter 312, Laws 1897. But it does not seem to us that the plan of mapping out and maintaining districts in localities where there were no village corporations was intended to apply to any territory after it became included within the limits of an incorporated village. This conclusion is sustained by the language of subdivision 7, § 11, of the statute, which provides that the limit established by the state commissioner around an unincorporated village shall not be changed for a period of five years after the date of recording the same, "except such hamlet or unincorporated village become an incorporated village with corporate limits and boundary lines different from those established by the state commissioner of excise, in which case such newly-incorporated village may be enumerated as hereinbefore provided in this section." If the whole of the unincorporated village of Tuckahoe, as bounded by the state commissioner, together with additional territory, had been taken into the incorporated village of Bronxville, so that the population of the incorporated village exceeded 5,000, thereby making the liquor tax $300, it would hardly be contended that the tax was still to be assessed as for the unincorporated village of Tuckahoe. That hamlet would have then become an incorporated village, with corporate limits and boundary lines different from those established by the state commissioner, and would thus fall literally within the scope and operation of the clause which we have quoted. In the case supposed, the whole of the unincorporated village would have been

absorbed in a new village corporation. Here, however, only a part of Tuckahoe has gone into Bronxville; but that part, by reason of the new political character which it has acquired, occupies a new position under the excise system of the state. We are of the opinion that the incorporation of a portion only of a hamlet or unincorporated village, delimited by the state commissioner, changes the status of such portion so that thereafter it must be regarded and treated as situated within the limits of an incorporated village, for the purposes of the liquor tax law. We think the legislature did not intend that a locality which had been taken from one of these noncorporate districts and put into an incorporated village should continue to be taxable as though it still remained in the district, and had not become a part of an incorporated village.

But it is argued that the papers do not show that the newly-incorporated village of Bronxville has a population of less than 1,200, and, if the inhabitants exceed that number, the relator is in any event liable to a tax of $200. The population of Bronxville cannot be learned from the last state census or the United States census of 1890, because the village was not in existence when either was taken. The state commissioner could cause the population to be enumerated under the seventh subdivision of the eleventh section of the liquor tax law, above cited, but this duty he does not appear to have performed. His omission in this respect, however, should not compel the relator to pay a larger tax than the legislature intended to impose in villages of the actual population of Bronxville, if the number of inhabitants there can be judicially ascertained. We think there is enough in the record to show that the population does not exceed 1,000. It is alleged in the petition, and not denied, that Bronxville was incorporated as a village of the fourth class, which class, as already pointed out, comprises villages containing less than 1,000 inhabitants. The village law further requires that, with the report of the incorporation of a village, to be delivered to the county clerk and secretary of state, the town clerk must deliver "a statement of the population of such village as it appears by the proposition for incorporation." Chapter 414, Laws 1897, § 22. This statement may be regarded as some evidence on the subject, and in the case of Bronxville it fixed the population at 391, as appears by an allegation in the petition, which is undenied. Under these circumstances, we think that the relator made out a case which entitled him to a liquor tax certificate upon the payment of $100, and that the county court made the proper order in the premises.

Order of the county court of Westchester county affirmed, with $10 costs and disbursements. All concur.